IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF COLUMBIA

JOHN BRINK, )
 )
      Plaintiff, )
 ) No. 11-2224
v. )
 ) SUMMONS
PHH MORTGAGE CORPORATION, a )
New Jersey corporation, )
 )
      Defendant. )

To: Corporation Services Company, Registered Agent
    285 Liberty Street NE
    Salem, Oregon 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT:
READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Michael T. Clarke                05136
ATTORNEY'S/AUTHOR'S NAME     BAR NO.

52490 SE 2nd Street, Suite 150
ADDRESS

Scappoose,     OR    97056     503-543-4800
CITY             STATE   ZIP         PHONE

_____
TRIAL ATTORNEY (if other than above)    BAR NO.

STATE OF OREGON )
 ) ss.
County of Columbia )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

_____
ATTORNEY FOR PLAINTIFF

TO THE PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY FOR PLAINTIFF

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

EXHIBIT A
Page 1 of 10

CERTIFIED TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF COLUMBIA

| | |
|---|---|
| JOHN BRINK,<br><br>      Plaintiff,<br><br>  v.<br><br>PHH MORTGAGE CORPORATION, a New Jersey corporation,<br><br>      Defendant. | Case No. 11-2224<br><br>**COMPLAINT**<br>(Negligence; Breach of Contract; Breach of Duties of Good Faith and Fair Dealing; Breach of Fiduciary Duty; Defamation)<br><br>Claim Not Subject to Mandatory Arbitration- Claim for $496,000.00<br><br>JURY TRIAL DEMANDED |

Plaintiff alleges:

### GENERAL ALLEGATIONS

1.

At all times material herein, Plaintiff is an Oregon resident living in Deer Island, Columbia County, Oregon, and is married to Helen Brink. Helen Brink has given John Brink the authority to pursue her claims as described herein. This complaint may be amended to include Helen Brink as a Plaintiff as may become necessary. John and Helen Brink's interest shall be represented by John Brink as Plaintiff but referred to as "Plaintiffs" herein.

2.

At all times material herein, Defendant PHH Mortgage Corporation ("PHH") did and does business in Columbia County, Oregon as a residential home mortgage lender.

3.

Page 1 – COMPLAINT- JURY TRIAL DEMANDED    EXHIBIT A
Page 2 of 10

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

On or about August 16, 2007, Plaintiffs financed the purchase or refinance of their home with PHH. The finance contract included certain terms, including that Plaintiffs are responsible for payment of homeowners insurance and taxes such that no escrow account would be used by PHH to ensure payment of said insurance and taxes.

4.

Plaintiffs made their monthly mortgage payments to PHH as required per the mortgage contract.

5.

On or about March 18, 2010, Plaintiffs' income was drastically decreased and therefore they applied for a Home Affordable Modification Plan with PHH in an attempt to modify their mortgage contract terms and lower their monthly payment. Plaintiffs were denied assistance through the Home Affordable Modification Plan on or about May 22, 2010.

6.

On or about June 8, 2010, Plaintiffs received notice from PHH that they were in default of their mortgage contract for being two months behind in payments, and that legal action, including foreclosure, may be initiated. Plaintiffs were not in fact behind in mortgage payments.

7.

Plaintiffs contacted PHH no less than 15 separate times in writing and by telephone to understand why two months of mortgage payments had not been received or recorded by PHH.

8.

PHH also unilaterally increased Plaintiffs' mortgage payment requirement by $359.29 monthly to create an escrow account for PHH to pay Plaintiffs' homeowners insurance and taxes.

9.

Despite Plaintiffs' at least 15 attempts to resolve the issues with the increased payments for escrow, and allegation that Plaintiffs' were two months late on their mortgage payments, PHH ignored the issue and continued sending delinquency notices to Plaintiffs.

10.

EXHIBIT A
Page 3 of 10

Page 2 –  COMPLAINT- JURY TRIAL DEMANDED

PHH reported Plaintiffs to credit reporting bureaus claiming that Plaintiffs were late on their mortgage payments, which reduced Plaintiffs' credit scores.

11.

Plaintiffs attempted to resolve these issues with PHH by hiring an attorney to work with PHH, complaining to the Better Business Bureau, and registering a complaint with the Oregon Attorney General, however, PHH has made little or no effort to resolve these issues.

12.

Despite Plaintiffs attempts to resolve these issues with PHH, PHH still owes $866.16 and interest to Plaintiffs for Plaintiffs' good faith payments into the escrow account.

## FIRST CLAIM FOR RELIEF
(Negligence)

13.

Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 12 above.

14.

When entering into the mortgage contract with Plaintiffs, PHH entered into a relationship whereby PHH became responsible for monitoring Plaintiff's account and ensuring that Plaintiffs account was managed as would be reasonably expected by a home mortgage lender.

15.

PHH's sending delinquency notices threatening foreclosure to Plaintiffs, unilaterally creating an escrow account, and/or unilaterally changing the parties' mortgage contract was caused by PHH's negligence in one or more of the following particulars:

   a. Failure to recognize and record Plaintiffs' mortgage payments;
   b. Failure to respond to Plaintiffs' requests to communicate; and/or
   c. Failure to manage Plaintiff's mortgage account.

16.

As a result of PHH's negligence, Plaintiffs' have received a large amount of letters from PHH threatening foreclosure, Plaintiffs had to pay additional money to PHH to avoid foreclosure, and Plaintiffs had to spend numerous hours writing letters and attempting to

Page 3 – COMPLAINT- JURY TRIAL DEMANDED

EXHIBIT A
Page 4 of 10

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

communicate with PHH, including hiring an attorney. Because of the stress of the threatened foreclosure on Plaintiffs' home, Mrs. Brink was forced to seek medical assistance to care for her distress and anxiety.

17.

Plaintiffs have suffered from worry, unrest, anxiety, fear, loss of sleep, experienced extreme emotional distress, and have suffered economic damages in an amount to be proven at trial, not less than $5,000. Because of the distress suffered, Plaintiffs have suffered non-economic damages in an amount to be proven at trial, but not less than $100,000.

### SECOND CLAIM FOR RELIEF
(Breach of Contract)

18.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 12 above.

19.

The material terms in the parties' mortgage contract include Plaintiffs' monthly payment of their mortgage loan, Plaintiffs' abiding by all of rules and payment terms as defined in the contract. Plaintiffs have fulfilled all material duties under the mortgage contract.

20.

The material terms in the mortgage contract include PHH's not opening an escrow account without specifically being authorized to do so, managing Plaintiffs' mortgage payments, accurately reporting and recording Plaintiffs' mortgage payments, and accurately notifying Plaintiffs of any default in the contract. The mortgage contract further includes the implied duties of good faith and fair dealing in performing the contract.

21.

Beginning in June 2010, and continuing to the present, PHH has wrongfully sent Plaintiffs foreclosure notices, set up an escrow account to pay Plaintiffs' insurance and property taxes, demanded additional monthly payments, miscalculated the amount of mortgage payments Plaintiffs have made, and failed to return Plaintiffs' escrow account payments.

22.

EXHIBIT A
Page 5 of 10

Page 4 - COMPLAINT- JURY TRIAL DEMANDED

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

Plaintiffs have been damaged by PHH's breach of the contract in an amount to be proven at trial, but not less than $1,000, plus their attorney fees and costs incurred herein pursuant to the terms of the contract.

### THIRD CLAIM FOR RELIEF
(Breach of the Implied Duties of Good Faith and Fair Dealing)

23.

Plaintiffs re-allege and incorporates by reference paragraphs 1 through 22 above.

24.

Plaintiffs acted in good faith to carry out the terms of the parties' mortgage contract; in fact, Plaintiffs made mortgage payments per PHH's demands even though Plaintiffs knew that no payments were due. Plaintiffs followed the terms of the contract by notifying PHH in writing and by telephone of the issues even after PHH ignored their letters and telephone requests for help. PHH never responded to Plaintiffs' attorney demands. Rather than working with Plaintiffs to resolve the issues, PHH allowed Plaintiffs to make phone calls to PHH and then hang up on Plaintiffs or inform Plaintiffs to call back a different time. PHH also instructed Plaintiffs to call other phone numbers for assistance, or transfer Plaintiffs' phone calls to other people who could not provide assistance.

25.

Plaintiffs' complaints of PHH's breaches of contract were never remedied even after PHH assured Plaintiffs that the breaches would be remedied. PHH intentionally refused to work with Plaintiffs to remedy the issues as alleged above, specifically to exhaust, frustrate, and anger Plaintiffs so that Plaintiffs would give up on their attempts to remedy the issues.

26.

PHH's behavior toward Plaintiffs has breached its duty of good faith and fair dealing implied in its contract with Plaintiffs.

27.

**EXHIBIT A**
**Page 6 of 10**

Page 5 -  COMPLAINT- JURY TRIAL DEMANDED

Plaintiffs have suffered from worry, unrest, anxiety, fear, loss of sleep, experienced extreme emotional distress because of PHH's treatment of Plaintiffs' and PHH's breach of the duties implied in the contract.

28.

Plaintiffs have been damaged by PHH's breach in an amount to be proven at trial, but not less than $200,000.

**FOURTH CLAIM FOR RELIEF**
(Breach of Fiduciary Duty)

29.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 above.

30.

When PHH unilaterally created an escrow account for Plaintiffs' benefit to pay Plaintiffs' insurance and property taxes, PHH undertook fiduciary responsibilities, including the fiduciary duty of care.

31.

PHH has improperly created an escrow account, demand payment into the escrow account, apply the funds from the escrow account as promised, account for the money in the escrow account, and failed to return the money to Plaintiffs from the escrow account.

32.

Plaintiffs have been required to expend monies to hire an attorney, and they have suffered from worry, unrest, anxiety, fear, loss of sleep, experienced extreme emotional distress because of PHH's breaches of its fiduciary duties to Plaintiffs.

33.

Plaintiffs have been damaged by PHH's breach of fiduciary duties in an amount to be proven at trial, but not less than $100,000.

**FIFTH CLAIM FOR RELIEF**
(Defamation - Libel)

34.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 above.

Page 6 – COMPLAINT- JURY TRIAL DEMANDED    EXHIBIT A
Page 7 of 10

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

35.

Beginning in on or about June 2010, and continuing regularly and frequently since then, PHH, by and through its agents and employees through the theory of *respondeat superior*, have intentionally, maliciously, and wrongfully published verbal and written statements to third parties concerning Plaintiffs that PHH actually knew were false or were made with reckless disregard as to its truth or falsity or negligently made as to its truth or falsity, were made without reasonable grounds for belief in its truth, and were made without reasonably adequate investigation.

36.

The statements published by PHH concerning Plaintiffs include but are not limited to:

(a) That Plaintiffs were two months late on their mortgage payments;

(b) That Plaintiffs were delinquent on their mortgage payments; and

(c) That Plaintiffs were in breach of their mortgage contract.

37.

The statements made by PHH concerning Plaintiffs were published in that they were made to consumer credit bureaus that have used the information to report Plaintiffs' credit.

38.

Plaintiffs are not public figures and are not involved in any public controversy. PHH's statements concerning the Plaintiffs do not involve a matter of public concern.

39.

The statements published by PHH concerning Plaintiffs are defamatory in that the statements tend to subject Plaintiffs to reduced credit availability, and diminish the esteem, respect, goodwill or confidence in which the Plaintiffs are held by a substantial and respectable majority of the community.

40.

The statements published by PHH concerning Plaintiffs are false.

41.

**EXHIBIT A**
**Page 8 of 10**

Page 7 – COMPLAINT- JURY TRIAL DEMANDED

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

The statements published by PHH concerning Plaintiffs have been published and communicated directly to third persons.

42.

The statements published by PHH concerning Plaintiffs have, in fact, diminished the Plaintiffs' credit rating and the esteem, respect, goodwill or confidence in which the Plaintiffs are held by a substantial and respectable majority of the community has been diminished.

43.

As a result of the statements published by PHH concerning Plaintiffs, Plaintiffs have been unable to qualify to refinance their home mortgage to obtain affordable financing. Plaintiffs have suffered economic damages of not less than $20,000 and non-economic damages to their reputations in the community and emotional suffering in the amount not less than $75,000.

44.

Plaintiffs hereby give notice to PHH that Plaintiffs reserve the right to amend this Complaint after further discovery and investigation of additional claims.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. On Plaintiffs' first claim for relief (Negligence), Plaintiffs seek judgment for Plaintiffs and against Defendant PHH for non-economic damages in the amount not less than $100,000;

2. On Plaintiffs' second claim for relief (Breach of Contract), Plaintiffs seek judgment for Plaintiffs and against PHH for economic damages in the amount not less than $1,000, plus Plaintiffs' attorney fees and costs;

3. On Plaintiffs' third claim for relief (Breach of the Implied Duties of Good Faith and Fair Dealing), Plaintiffs seek judgment for Plaintiffs and against PHH for non-economic damages in the amount not less than $200,000;

4. On Plaintiffs' fourth claim for relief (Breach of Fiduciary Duty), Plaintiffs seek judgment for Plaintiffs and against PHH for non-economic damages in the amount not less than $100,000;

EXHIBIT A
Page 9 of 10

Page 8 – COMPLAINT- JURY TRIAL DEMANDED

Michael T. Clarke
Attorney at Law
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
(503) 543-4800

5. On Plaintiffs' fifth claim for relief (Defamation - Libel), Plaintiffs seek judgment for Plaintiffs and against PHH for economic damages in an amount not less than $20,000 plus non-economic damages in the amount not less than $75,000.

6. For costs and disbursements incurred herein, including an enhanced prevailing party fee under ORS 20.190 in the maximum amount;

7. Post-judgment interest at the rate of nine percent (9%) per annum from the date of entry of judgment on the principal amount; and

8. Such other relief as is just and equitable.

DATED this 20 day of April, 2011.

Respectfully submitted,

*[signature]*

Michael T. Clarke, OSB #05136
52490 SE 2nd St., Ste. 150
Scappoose, OR 97056
503-543-4800
AttorneyClarke@gmail.com
Attorney for Plaintiffs

**EXHIBIT A**
**Page 10 of 10**

Page 9 – COMPLAINT- JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I certify that on May 20, 2011, I served a true copy of the foregoing **NOTICE OF REMOVAL** on the following named persons by the method indicated below:

Michael T Clarke
52490 SE 2nd St Ste 150
Scappoose OR 97056
T 503 543-4800
Email AttorneyClarke@gmail.com

*Attorneys for Plaintiff*

☑ Via First Class Mail
☐ Via Federal Express
☐ Via Facsimile
☐ Via Hand-Delivery
☐ Via E-Mail

WILLIAMS, KASTNER & GIBBS PLLC

By _____
Marc M. Carlton, OSB No. 992375
David C. Campbell, OSB No. 032816
WILLIAMS, KASTNER & GIBBS PLLC
Telephone: (503) 228-7967
Facsimile: (503) 222-7261
mcarlton@williamskastner.com
dcampbell@williamskastner.com

AND

Frank A. Hirsch, Jr., N.C. Bar No. 13904
Andru Wall, N.C. Bar No. 24593
ALSTON & BIRD LLP
4721 Emperor Blvd., Ste. 400
Durham, NC 27703
Telephone: 919-862-2200
Facsimile: 919-862-2260
frank.hirsch@alston.com
andru.wall@alston.com

*Attorneys for defendant PHH Mortgage Corporation*

Page 1 – CERTIFICATE OF SERVICE

Williams, Kastner & Gibbs PLLC
888 SW Fifth Avenue, Suite 600
Portland, OR 97204-2025
Telephone: (503) 228-7967• Fax (503) 222-7261

3151085.1